## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LEE OWENS,

       Plaintiff,

    v.                                           No. CIV 14-0045 RB/SCY

RAMON C. RUSTIN (MDC),
TOM ZDUNEK,
THOMAS E. SWISSTACK,

       Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint.  Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis.  Also before the Court are Plaintiff's Motion to Order (Doc. 5) and [motion for] Summary Judgment (Doc. 10).  The motions will be denied, and for reasons set out below, certain of Plaintiff's claims will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint,

the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.   *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff and a number of other inmates at the Bernalillo County Metropolitan Detention Center ("MDC") were transferred to a facility in Texas, "due to over population in the (MDC)."   Plaintiff was a pretrial detainee, and the transfer allegedly caused him to miss a bail hearing, thus denying him access to the courts and depriving him of his liberty.   He complains of being shackled and denied restroom breaks during transport, as well as being strip searched upon his return to MDC.   Plaintiff contends that Defendants' actions violated his federal rights, and he seeks damages and certain equitable relief.

Plaintiff's allegations about the transfer itself do not support a constitutional claim.   First, "state and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution."   *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n. 3 (10th Cir. 1992); *quoted in Cabrera v. Trammell*, 488 F. App'x 294, 295 (10th Cir. 2012).   Furthermore, as unpleasant as the transport may have been, Plaintiff's allegations do not support a claim of unconstitutional conditions during the trip.   Nothing less than the " 'unnecessary and wanton infliction of pain' implicates the Eighth Amendment."   *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976), and *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).   "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety."   *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).   Plaintiff's complaint does not allege that Defendants disregarded a known excessive risk to his health and safety.

Nor do Plaintiff's allegations of being strip searched support a claim under § 1983 against a

2

named Defendant.   The complaint does not identify an individual who conducted or ordered the searches.   "[T]o present a plausible right to relief . . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*."   *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted).   A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official.   *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).   The claim of unconstitutional search will be dismissed with leave to amend.

Although Plaintiff names the former warden at MDC and two county officials as Defendants, he makes no factual allegations against them.   It is assumed, for purposes of this order only, that Defendant Warden Rustin ordered the transfer.   The complaint does not, however, affirmatively link the other named county officials to the various violations.   *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).   To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).   The Court will dismiss Plaintiff's claims against Defendants Zdunek and Swisstack.

Plaintiff's Motion to Order asks that proceedings in this case be held in Albuquerque instead of Las Cruces.   The Court notes that Plaintiff has been released from custody, and he may renew his request if any hearings or conferences are set in Las Cruces.   His Summary Judgment, which the Court construes as a motion, asks for entry of judgment in his favor.   The motion makes no showing required by rule 56(a) of the Federal Rules of Civil Procedure and will be denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Order (Doc. 5) and [motion for] Summary Judgment (Doc. 10) are DENIED;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Zdunek and

Swisstack are DISMISSED, and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's claims of illegal transfer and conditions are DISMISSED; the claim of illegal strip search is DISMISSED without prejudice to Plaintiff's right to amend his complaint to identify the person who ordered or conducted the search; and, within twenty-one (21) days from entry of this order, Plaintiff may file an amended complaint;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint and this Order, for Defendant Rustin on Plaintiff's claim of denial of access to the courts.

_____

UNITED STATES DISTRICT JUDGE