IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEE K. OWENS,

    Plaintiff,

v.                                                               Case No. 14cv45 RB/SCY

RAMON C. RUSTIN,

    Defendant.

## REPORT AND RECOMMENDATIONS

THIS MATTER is before me on Defendant Ramon Rustin's motion to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6). *Doc. 20.* Defendant Rustin seeks dismissal of Plaintiff's single remaining claim regarding denial of access to the courts. *Id.* Having reviewed the motion and the relevant law, I recommend that the Court **GRANT** Defendant's Motion.

Plaintiff filed the instant action on January 14, 2014, alleging a variety of civil rights violations pursuant to 42 U.S.C. § 1983 when, to alleviate overcrowding concerns at the Bernalillo County Metropolitan Detention Center (MDC), he was transferred to a Texas detention facility from November 1, 2014 until November 14, 2014. *Doc. 1.* On August 11, 2014, the Court dismissed all but one of Plaintiff's claims which also effectively dismissed all Defendants except Ramon Rustin, Chief of Corrections at MDC. *Doc. 17.* For his remaining claim, Plaintiff contends that the transfer from MDC caused him to miss a bail hearing, thereby denying him access to the courts that resulted in a denial of his liberty. *Id.* at 2. Defendant filed his Motion to Dismiss on October 14, 2014. *Doc. 20*. Plaintiff failed to file responsive briefing within the fourteen day time limit set forth in the Local Rules, and has filed nothing else with the Court since October 14, 2014. *See* D.N.M.LR-Civ. 7.4(a)

1

A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." FED.R.CIV.P. 12(b)(6). Under Rule 12(b)(6), "[t]o survive [dismissal], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. " *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citation and internal quotations omitted). While the sufficiency of a complaint challenged under Rule 12(b)(6) is normally evaluated based on the contents of the complaint alone, the court may also consider three categories of documents: (1) documents that the complaint incorporates by reference, (2) documents referred to in the complaint if these documents are central to plaintiff's claim and parties do not dispute the documents' authenticity, and (3) matters of which district court may take judicial notice. *S.E.C. v. Goldstone*, 952 F.Supp.2d 1060, 1190-91 (D.N.M. 2013). Defendant Rustin has provided the Court with two documents he contends the Court may consider: a copy of the docket of *State of New Mexico v. Lee Owens* and a copy of Plaintiff's housing record during his incarceration with MDC. *Doc. 20*, Exs. A, B.

The Court will take judicial notice of the state court docket. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."), *Haynes v. Winchester*, 2011 WL 665589 at *2 n.1 (W.D.Okla. January 18, 2011)(taking judicial notice of a state court docket). The Court will also consider Plaintiff's housing record, as he explicitly references the document as "supporting fact" for his claim in his Complaint, Defendant has provided that document, and Plaintiff has not contested its authenticity by filing responsive briefing. *Doc. 1* at 5.

Plaintiff alleges that his transfer from MDC deprived him of the opportunity to "bond out" because it caused him to miss a court date. Prison officials may not deprive prisoners of reasonable access to the courts. *Bounds v. Smith*, 430 U.S. 817, 823, 828 (1977). In order to plead a claim for deprivation of access to the court, Plaintiff must show both deprivation and injury from the deprivation. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The question before the Court, then, is whether Plaintiff missed a bail hearing during the two weeks he was in Texas. The answer to this question is that he did not.

Plaintiff's criminal docket sheet indicates that his November 26, 2013 bail hearing was set on October 4, 2013 – the same day Plaintiff filed a motion to reconsider his conditions of release *and nearly a month before he was transferred to Texas*. Doc. 20, Ex. A. According to Plaintiff's incarceration record, he was housed at the Polk County Detention Center in Texas from November 1, 2013, to November 14, 2013. The docket does not indicate that any hearings were set in his case between November 1, 2013 and November 14, 2013. *Doc. 20*, Ex. A. The next entry indicates that the state district court held Plaintiff's bail hearing as scheduled on November 26, 2013. *Id.* At this hearing, the presiding judge, Benjamin Chavez, granted Plaintiff's motion. *Id.* Because Plaintiff's transfer to Texas did not delay the bail hearing scheduled when he filed his motion to reconsider his conditions of release, Plaintiff was not denied access to the court. I therefore recommend that Plaintiff's remaining claim be dismissed with prejudice.

   /s/ Steven C. Yarbrough
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**